Withers. J.
delivered the opinion of the Court.
We concur with the presiding Judge, that the plaintiff should have been non-suited, nor have we any fault to find with the grounds upon which he placed it. It is quite unnecessary to go into the learning of the books in regard to the English practice touching voucher, for it has been sufficiently established that such practice has no place with us. It may be, that at some convenient season hereafter the Court may prescribe a rule defining .how and when a party, warrantor, may be vouched, and what shall be the evidence appropriate and sufficient to establish the fact. But in the case before us we see enough to determine it against the plaintiff. 1st. Because, admitting (for argument’s sake) that the record offered would be evidence against the defendants of what, was put in issue, *450 there is no issue—nothing put in issue by a plea—no appearance even was entered—and it would he hard indeed to say that the deceased testator, or these defendants, shall be bound by a recovery against another, because he did not defend the action when vouched, when that other did not appear and plead so as to enable the vouchee to take the position of de-fence. 2d. Because, we can see much mischief involved in the proposition that a judgment by default should operate to prove title paramount, and legal eviction against a warrantor, as between him and the warrantee; for who shall say how much oí such a result may be attributable to collusion, or to culpable negligence? So far as there was a community of sentiment in the Court in the case of Middleton v. Thompson, 1 Spears, 67, that case, is strongly against the plaintiff.
The motion is dismissed.